**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DONOVAN PARRA GUZMAN,<br><br>                     Petitioner,<br><br>        v.<br><br>SHANNON DICUS, et al.,<br><br>                     Respondents. | Case No. 5:26-cv-01857-AYP<br><br>**ORDER GRANTING PETITION AND ISSUING A WRIT FOR HABEAS CORPUS** |

## I.    SUMMARY

Petitioner, Donovan Parra Guzman, is a Citizen of Mexico who is currently in the physical custody of Respondents at the Desert View Annex Detention Facility in Adelanto, California. (Dkt. No. 1.) Petitioner entered the United States on or about 2000 without a visa. *Id.*

On April 15, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release him from

immigration detention or to provide an immigration bond hearing. (Dkt. No. 1.)

In their Answer, Respondents state, "Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*," and they "do not oppose the merits of the Petition to the extent it seeks alternative habeas relief in the form of a hearing before an immigration judge pursuant to Section 1226(a)." (Dkt. No. 9 at 2.) Respondents did not present opposition to Petitioner's due process claim. *Id.*

In light of Respondents' position, the Court finds that Petitioner has demonstrated that the Government violated his right to due process by re-detaining him without notice and an opportunity to be heard. The Court therefore grants the Petition and issues a writ of habeas corpus requiring Petitioner's immediate release and preventing his re-detention absent pre-deprivation notice and a hearing at which the Government must justify the need to detain him.

## II.   FACTUAL BACKGROUND

Petitioner is a 34-year-old citizen of Mexico. (Dkt. No. 1.) He entered the United States on or about 2000 without a visa. *Id.* Petitioner has a scheduled master calendar court hearing on April 17, 2026. *Id.* On or about March 19, 2026, Petitioner was arrested while driving to work and Petitioner was placed in custody by U.S. Immigration and Customs Enforcement ("ICE"). *Id.* Petitioner remains in detention. *Id.*

On April 15, 2026, Petitioner filed this Writ of Habeas Corpus under 28 U.S.C § 2241, seeking an order requiring Respondents to release him from immigration detention. *Id.* at 13. Petitioner argues § 1225(b)(2)(A) does not apply to individuals like him who previously entered and now are residing in

the United States. *Id*. at 3. Instead, he argues § 1226(a) applies, allowing for release on conditional parole or bond. *Id*. He also argues his detention without a bond redetermination hearing to redetermine whether he is a flight risk or danger to others violates his right to due process. *Id*. at 12.

In their Answer, Respondents stated they "do not oppose the merits of the Petition to the extent it seeks alternative *habeas* relief in the form of a hearing before an immigration judge pursuant to Section 1226(a)." (Dkt. No. 9 at 2.) Further, the Respondents agree that Petitioner's claim in this action is subject to the *Bautista* judgment. *Id*. Respondents did not present opposition to Petitioner's due process claim. *Id*.

### III.   PROCEDURAL HISTORY

Petitioner filed the instant habeas petition on April 15, 2026. (Dkt. No. 1.) On the same day, Petitioner filed an Ex Parte Application for Temporary Restraining Order. (Dkt. No. 2.) The Court, on April 15, 2026, entered the Notice of General Order 26-05 and Briefing Schedule, directing Respondents to show cause why the writ of habeas corpus should not be granted and thereby adopting the standard procedures and briefing schedule under the General Order. (Dkt. No. 5.) The Court denied Petitioner's TRO on April 20, 2026, because "because the alleged harm is already addressed through the expedited adjudication of the underlying habeas petition." (Dkt. No. 7.) Respondents filed their Answer on April 22, 2026. (Dkt. No. 9.) Petitioner filed his Reply on April 25, 2026. (Dkt No. 10.) Thus, the matter is fully briefed.

On April 15, 2026, Petitioner consented to proceed before Magistrate Judge for all proceedings in this case. (Dkt. No. 3.) The action has been fully consented to according to the General Order 26-05 and will proceed before a

magistrate judge. (Dkt. No. 6.)

## IV.    DISCUSSION

The Court now turns to the merits of Petitioners' claims. The core issue is whether Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2) or discretionary under 8 U.S.C. § 1226(a). The key difference is that § 1226(a) provides the discretion to release detainees on bail or conditional parole, while § 1225(b)(2) mandates detention throughout the completion of removal proceedings, so long as the noncitizen— "who is an applicant for admission" and "seeking admission"—is not deemed "clearly and beyond a doubt entitled to be admitted." § 1225(b)(2)(A); *see also Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018) ("In sum, §§ 1225(b)(1) and (b)(2) mandate detention of [noncitizens] throughout the completion of applicable proceedings."). In *Jennings*, the Supreme Court stated that § 1225(b) "applies primarily to [noncitizens] seeking entry into the United States" whereas § 1226 "applies to [noncitizens] already present in the United States." 583 U.S. at 288–89, 297, 303.

Petitioner contends that his detention should be governed by § 1226(a). Petitioner argues he is owed a release or a bond hearing because 8 U.S.C. § 1226(a) applies to noncitizens, like him, who are not apprehended upon arrival to the United States. Respondents concede Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, thus 8 U.S.C. § 1226(a) applies to Petitioner. The Court agrees because Petitioner was a noncitizen "already present in the United States" when he was apprehended, Petitioner's detention is proper under § 1226, not § 1225.

Considering the Court's decision to grant habeas relief on Petitioner's INA contentions, the Court finds it unnecessary to engage in an extended

4

analysis of Petitioner's Due Process claim.[1] *See Demirel v. Fed. Det. Ctr. Philadelphia,* No. 25-5488, 2025 WL 3218243, at *5 (E.D. Pa. Nov. 18, 2025) (declining to address, inter alia, due process contentions). The Court's conclusion that § 1226(a) grants Petitioner the right to a bond hearing "is sufficient to remedy a Constitutional violation." *Rodriguez v. Arnott*, No. 25-00836, 2025 WL 3218553, at *4 (W.D. Mo. Nov. 18, 2025).

Consistent with recent practice in this District, the Court will order Petitioner's release if he is not provided with a bond hearing under § 1226(a) within seven (7) days. *See, e.g., Engonga v. Noem*, No. 25-03479, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025) ("The court agrees with Respondents' assessment that 'Courts in this District have generally ordered in similar cases' that a bond hearing be held within 7 days.").

## V. CONCLUSION

IT IS THEREFORE ORDERED that the Petition is GRANTED in part as follows. Respondents are ordered to arrange for Petitioner to receive an individualized bond hearing before an immigration judge under 8 U.S.C. § 1226(a), where the Government will bear the burden to prove by clear and convincing evidence that Petitioner is a danger to the community or a flight

---

[1] Petitioner argues detention "without a bond redetermination hearing to redetermine whether he is a flight risk or danger to others violates his right to due process." (Dkt. No. 1 at 12.) Ordinarily Respondents' choice to not oppose Petitioner's due process claim in their Answer would be in effect a concession that the Petition should be granted. *See Singh v. Warden Desert View Annex, et al.*, No. 26-cv-00440-FMO-AJR, Dkt. 9 (C.D. Cal. Feb. 9, 2026) (granting petition where "the court construes respondents' failure to address petitioner's due process claim as a concession of petitioner's argument"); *Soleimani v. Larose*, No. 25-cv-3082-DMS-DEB, 2025 WL 3268412, at *3 (S.D. Cal. Nov. 24, 2025) (granting petition because, "[b]y failing to respond to the claims actually asserted, Respondents have conceded the claims"). However, here the Petition lacks more than a conclusory statement alleging a due process violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (requiring more than conclusory allegations of a due process violation).

risk, within seven (7) days of this Order, and with instructions that the immigration judge has jurisdiction under 8 U.S.C. § 1226(a) to consider release on bond if Petitioner is not deemed a danger to the community or a flight risk. Respondents are further ordered to release Petitioner from custody if Petitioner is not timely provided with the aforementioned hearing.

The parties are ordered to file a joint status report no later than ten (10) days from the date of this Order detailing if and when the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

Additionally, the Petitioner and the Court shall be provided with at least three (3) days notice prior to Petitioner being removed from this jurisdiction.

Dated: May 14, 2026

_____
HON. ANNA Y. PARK
UNITED STATES MAGISTRATE JUDGE

6